## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHG & COMPANY, INC. d/b/a<br>VITAL NUTRIENTS<br><br>       Plaintiff,<br><br>v.<br><br>TOPS MEDICAL CORP., ALLA LEIBZON<br>and JOHN DOES 1-100, individually or as<br>corporate/business entities,<br><br>       Defendants. | CIVIL ACTION No. _____<br><br><br><br><br><br><br><br><br>AUGUST 10, 2017 |

## COMPLAINT FOR DAMAGES, INJUNCTIVE AND
## OTHER RELIEF FOR VIOLATIONS OF 15 USC § 1114;
## 15 USC § 1125(a); 15 USC § 1125(c); AND RELATED CLAIMS

Plaintiff RHG & Company, Inc. d/b/a Vital Nutrients ("Vital Nutrients" or "Plaintiff") brings this action against Defendants Tops Medical Corp., Alla Leibzon and John Does 1-100 (collectively, "Defendants") for trademark infringement in violation of the Lanham Act, 15 U.S.C. § 1114, false advertising and unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution in violation of the Lanham Act, 15 U.S.C. § 1125(c); illegal use of mark in violation of Conn. Gen. Stat. § 35-11i(c); common law trademark infringement; common law unfair competition; unfair trade practices in violation of Conn. Gen. Stat. § 42-110b; and tortious interference with contract and business relations, and alleges as follows. These claims arise from Defendants' misappropriation of Vital Nutrients' trademarks in conjunction with Defendants' unlawful and unauthorized sale of Vital Nutrients' products on the Internet.

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff RHG & Company, Inc. d/b/a Vital Nutrients is a Connecticut corporation, with its principal place of business located in Middletown, Connecticut.

2.      Upon information and belief, Defendant Tops Medical Corp. is a New Jersey corporation that operates under the seller name "Johnson Distributors" on the website www.amazon.com ("Amazon"), and with its principal place of business at 200 Centennial Avenue, Suite 200, Piscataway, New Jersey 08854.

3.      Upon information and belief, Defendant Alla Leibzon is an individual who operates under the seller name "Johnson Distributors" on Amazon, and who resides at 103 Kensington Lane, Livingston, New Jersey 07039.

4.      The true names, involvement, and capacities, whether individual, corporate, associated or otherwise of Defendants John Does 1-100 are unknown to Vital Nutrients. Therefore, Vital Nutrients sues these Defendants by a fictitious name.  Vital Nutrients is informed and believes, and on that basis alleges, that the John Doe Defendants sued herein are equally responsible for the events and occurrences referred to herein or otherwise interested in the outcome of the dispute.  When the true names, involvement, and capacities of these parties are ascertained, Vital Nutrients will seek leave to amend this Complaint accordingly.

5.      The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 for Vital Nutrients' claims that arise under federal law and 28 U.S.C. § 1367 for Vital Nutrients' claims that arise under state law because they form part of the same case or controversy as Vital Nutrients' claims that arise under federal law.  The Court also has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because Vital Nutrients and Defendants are citizens of different states and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

6.     This Court has personal jurisdiction over Defendants because they have sold, distributed, offered for sale, and/or advertised goods in Connecticut and directed their tortious activities toward Connecticut by engaging in actions and infringing on Vital Nutrients' trademarks with the knowledge that their actions would likely injure Vital Nutrients in Connecticut.   Accordingly, Defendants have: (1) transacted business within Connecticut; (2) committed tortious acts within Connecticut; and/or (3) committed tortious acts outside of Connecticut causing injury to Vital Nutrients in Connecticut and (a) regularly do or solicit business, or engage in any other persistent course of conduct, or derive substantial revenue from goods used or consumed or services rendered in Connecticut, or (b) expected or reasonably expected their acts to have consequences in Connecticut and derive substantial revenue from interstate or international commerce.

7.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims occurred within this judicial district and because Defendants are subject to personal jurisdiction in this district.

## FACTUAL ALLEGATIONS
### Vital Nutrients And The Intellectual Property At Issue

8.     Vital Nutrients develops, manufactures, and sells high-quality nutrition, personal care, and weight management vitamins and supplements.   Vital Nutrients sells its products exclusively through a network of Authorized Resellers.

9.     Vital Nutrients devotes a significant amount of time, energy, and resources toward protecting the value of its brand, products, name and reputation.  By distributing products exclusively through its Authorized Resellers, Vital Nutrients ensures that users of its products receive accurate explanation and guidance about the safe and proper use of Vital Nutrients products.  Further, Authorized Resellers inspect each genuine Vital Nutrients product to ensure

that it is authentic, safe, and free from tampering.   In the highly-competitive nutrition and supplement market, quality is a fundamental part of the consumer's decision to purchase a product.

10.     To promote and protect the Vital Nutrients brand, Vital Nutrients has registered numerous trademarks with the United States Patent and Trademark Office, including, but not limited to: VITAL CLEAR® (U.S. Trademark Registration No. 4,505,090), BCQ® (U.S. Trademark Registration No. 4,505,094), MINIMAL AND ESSENTIAL® (U.S. Trademark Registration No. 4,524,950), ALLER-C® (U.S. Trademark Registration No. 4,524,951), VITAL BRAIN® (U.S. Trademark Registration No. 4,524,952), BECAUSE GOOD HEALTH IS VITAL® (U.S. Trademark Registration No. 4,619,786), VIRACON® (U.S. Trademark Registration No. 4,630,868), VITAL NUTRIENTS® (U.S. Trademark Registration No. 4,631,095), ULTRA PURE® (U.S. Trademark Registration No. 4,683,498), and TENSION EASE® (U.S. Trademark Registration No. 4,713,418) (the "Vital Nutrients Trademarks").

11.     The registration for each of the Vital Nutrients Trademarks is valid, subsisting and in full force and effect.   Further, pursuant to 15 U.S.C. § 1065, the Vital Nutrients Trademarks serve as conclusive evidence of Vital Nutrients' ownership of the marks and its exclusive right to use and direct the use of the marks in commerce and in connection with the sale and distribution of the Vital Nutrients products identified in the registrations, as provided by 15 U.S.C. § 1115(b).

12.     Vital Nutrients actively uses and markets the Vital Nutrients Trademarks in commerce.

13.     Due to the superior quality and exclusive distribution of Vital Nutrients products, and because Vital Nutrients is uniquely recognized as the source of these high quality products, the Vital Nutrients Trademarks have substantial value.

14.     Authorized Resellers are not allowed to use the Vital Nutrients Trademarks for purposes of marketing and selling without Vital Nutrients' prior written approval.

**Vital Nutrients Has Implemented Strict Quality Control Procedures For Its Products**

15.     Vital Nutrients exercises strict quality controls over the production and distribution of its products.  Vital Nutrients' ability to implement these quality controls is essential to the integrity and safety of its products, as well as the value of its trademarks and other intellectual property.

16.     Vital Nutrients maintains the quality controls over its products by selling its products exclusively through Authorized Resellers.

17.     Authorized Resellers are required to sell products only in certain channels, and to abide by Vital Nutrients' Authorized Reseller Policy and other rules (collectively, the "Vital Nutrients Rules").  The Vital Nutrients Rules impose numerous quality control requirements and restrict the manner in which Vital Nutrients products may be marketed, sold, and administered to consumers.

18.     To ensure that customers receive the genuine and high-quality products they expect from Vital Nutrients, the Vital Nutrients Rules require Authorized Resellers to inspect, store, and ship Vital Nutrients products pursuant to specific terms.  Upon receiving products from Vital Nutrients, Authorized Resellers are required to inspect the products to ensure the products were not damaged in shipment and no product seals have been broken.  Authorized Resellers are required to follow storage instructions provided by Vital Nutrients and store products in a cool, dry place and out of direct sunlight.  Authorized Resellers are also prohibited

from relabeling, altering, modifying, tampering with, or repackaging any products or product labels, packaging, or literature.

19.     To ensure the safety and well-being of consumers, the Vital Nutrients Rules also require Authorized Resellers to communicate all safety information to consumers and to cooperate with Vital Nutrients with respect to any product recall.

20.     The Vital Nutrients Rules also require Authorized Resellers to provide certain services to their customers.   Authorized Resellers are required to make it known to their customers that they are available to answer questions, provide advice, and respond to customer concerns.

21.     Vital Nutrients also takes steps to prohibit the resale of its products by unauthorized dealers on the Internet to avoid the potential risks to customers' safety and health if the products are not sold through the proper channels.   The Vital Nutrients Rules prohibit Authorized Resellers from selling products to any person who the Authorized Reseller knows, or has reason to suspect, will resell the products.   Authorized Resellers also may not advertise or sell Vital Nutrients products on any website, including third-party marketplaces such as Amazon, eBay, Walmart Marketplace, or Craigslist, without prior written consent of Vital Nutrients.

### Vital Nutrients Discovered Defendants' Unauthorized Sale Of Vital Nutrients Products On The Internet

22.     Due to the health and safety risks and customer and reputational risks associated with the illegal sale of Vital Nutrients products by unauthorized Internet sellers, Vital Nutrients polices the sale of its products online.

23.     Through these efforts, Vital Nutrients discovered its products being illegally sold by Defendants on Amazon under the name "Johnson Distributors."

24.     Upon information and belief, Defendants, through this website, accept and fulfill orders from Connecticut residents for Vital Nutrients products and ship Vital Nutrients products to persons located in Connecticut.

25.     Defendants are not authorized resellers of Vital Nutrients products and Defendants' offering of Vital Nutrients products on this website is in violation of the Vital Nutrients Trademarks and the agreements between Vital Nutrients and its Authorized Resellers.

**Defendants Are Willfully Infringing On Vital Nutrients' Trademarks**

26.     Defendants, without Vital Nutrients' authorization, have sold, and continue to sell, products bearing the Vital Nutrients Trademarks on Amazon.

27.     Vital Nutrients sent Defendants a cease and desist letter on about May 23, 2017, demanding that they stop selling Vital Nutrients products and remove all Vital Nutrients products from their Amazon storefront and other unauthorized websites.  Defendants, however, continue to sell Vital Nutrients products.

28.     The unauthorized products Defendants sell are materially different than genuine Vital Nutrients products, as they are sold without Vital Nutrients' quality controls and customer service benefits, which are essential elements of Vital Nutrients products.

29.     As a result, Defendants have misled, and continue to mislead, consumers into believing they are purchasing genuine Vital Nutrients products when, in fact, they are not.

30.     Consumers who purchase Vital Nutrients products from Defendants are misled, confused, and deceived into believing they are buying genuine Vital Nutrients products, but they are not receiving the benefit of Vital Nutrients' established quality controls or customer service that accompany genuine Vital Nutrients products.

**Defendants Are Tortiously Interfering With Vital Nutrients' Agreements
With Its Authorized Resellers**

31.     Upon information and belief, Defendants have purchased Vital Nutrients products from Authorized Resellers for purposes of reselling them on the Internet.

32.     Upon information and belief, Defendants knew that Vital Nutrients' agreements with its Authorized Resellers prohibit the sale of Vital Nutrients products to third parties for purposes of resale.

33.     Upon information and belief, Defendants willfully and knowingly induced unknown Authorized Resellers to breach their agreements with Vital Nutrients so that they could acquire Vital Nutrients products and resell them.

**Vital Nutrients Has Suffered Significant Harm As A Result Of Defendants' Conduct**

34.     Vital Nutrients has suffered and will continue to suffer significant monetary harm as a result of Defendants' actions including, but not limited to, loss of sales, damage to their intellectual property, and damage to their existing and potential business relations.

35.     Vital Nutrients has suffered, and will continue to suffer, irreparable harm as a result of Defendants' actions, including, but not limited to, irreparable harm to their reputation, goodwill, business and customer relationships, intellectual property rights and brand integrity.

36.     Vital Nutrients is entitled to injunctive relief because, unless enjoined by this Court, Defendants will continue to unlawfully sell Vital Nutrients products, causing continued irreparable harm to Vital Nutrients' reputation, goodwill, relationships, intellectual property and brand integrity.

37.     Defendants' conduct was and is knowing, reckless, intentional, willful, malicious, wanton and contrary to law.

38.     Defendants' willful violations of the Vital Nutrients Trademarks and continued pattern of misconduct demonstrate intent to harm Vital Nutrients.

## FIRST CAUSE OF ACTION
### Trademark Infringement
### U.S.C. §§ 1114 and 1125(a)(1)(a)

39.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

40.     Vital Nutrients is the owner of the Vital Nutrients Trademarks.

41.     Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

42.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

43.     Defendants willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in commerce for purposes of selling Vital Nutrients products on the Internet without Vital Nutrients' consent.

44.     Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized sale of Vital Nutrients products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the Vital Nutrients Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Vital Nutrients.

45.     Defendants' use of the Vital Nutrients Trademarks in connection with the sale of Vital Nutrients products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Vital Nutrients products.

46.     The products sold by Defendants are not, in fact, genuine and authentic Vital Nutrients products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards as genuine Vital Nutrients products and do not come with Vital Nutrients' customer service.

47.     Defendants' unauthorized use of the Vital Nutrients Trademarks has materially damaged the value of the Vital Nutrients Trademarks, caused significant damage to Vital Nutrients' business relations, and infringed on Vital Nutrients' trademarks.

48.     As a result, Vital Nutrients has suffered damages, including to its business, goodwill, reputation, and profits in an amount to be proven at trial.

49.     Pursuant to 15 U.S.C. § 1116, Vital Nutrients is entitled to injunctive relief enjoining Defendants' infringing conduct.

50.     Pursuant to 15 U.S.C. § 1117(a), Vital Nutrients is entitled to an award of attorneys' fees.

## SECOND CAUSE OF ACTION
### False Advertising
### 15 U.S.C. § 1125(a)(1)(b)

51.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

52.     Vital Nutrients is the owner of the Vital Nutrients Trademarks.

53.     Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

54.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

55.     Defendants willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in interstate commerce for purposes of advertising, promoting, and selling Vital Nutrients products without Vital Nutrients' consent.

56.     Defendants' advertisements and promotions of their products unlawfully using the Vital Nutrients Trademarks have been disseminated to the relevant purchasing public.

57.     Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

58.     Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Vital Nutrients products, and originate from, or are sponsored, authorized, or otherwise connected with Vital Nutrients.

59.     Defendants' unauthorized use of the Vital Nutrients Trademarks in advertising, and otherwise, infringes on the Vital Nutrients Trademarks.

60.     As a result, Vital Nutrients has suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

61.     Pursuant to 15 U.S.C. § 1116, Vital Nutrients is entitled to injunctive relief enjoining Defendants' conduct.

62.     Pursuant to 15 U.S.C. § 1117(a), Vital Nutrients is entitled to an award of attorneys' fees.

## THIRD CAUSE OF ACTION
### Unfair Competition
### 15 U.S.C. § 1125(a)

63.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

64.     Vital Nutrients is the owner of the Vital Nutrients Trademarks.

65.     Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

66.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

67.     Defendants have willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in interstate commerce for purposes of selling Vital Nutrients products without Vital Nutrients' consent.

68.     Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized sale and advertising of products is likely to cause confusion, cause mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Vital Nutrients products because it suggests that the products Defendants offer for sale originate from, or are sponsored, authorized, or otherwise connected with Vital Nutrients.

69.     Defendants' unauthorized sale of products bearing the Vital Nutrients Trademarks, and unauthorized use of the Vital Nutrients Trademarks in advertising materially damages the value of the Vital Nutrients Trademarks and causes significant damage to Vital Nutrients' business relations.

70.     Defendants' unauthorized sale of products bearing the Vital Nutrients Trademarks and unauthorized use of the Vital Nutrients Trademarks in advertising infringes on the Vital Nutrients Trademarks.

71.     As a result, Vital Nutrients has suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

72.     Pursuant to 15 U.S.C. § 1116, Vital Nutrients is entitled to injunctive relief enjoining Defendants' conduct.

73.     Pursuant to 15 U.S.C. § 1117(a), Vital Nutrients is entitled to an award of attorneys' fees.

## FOURTH CAUSE OF ACTION
### Trademark Dilution
### 15 U.S.C. § 1125(c)

74.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

75.     Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

76.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

77.     Vital Nutrients is the owner of the Vital Nutrients Trademarks, which are distinctive and widely recognized marks by the consuming public.

78.     Vital Nutrients is widely recognized as the designated source of goods bearing the Vital Nutrients Trademarks.

79.     Defendants' willful use of the Vital Nutrients Trademarks in connection with the unauthorized and illegal sale of its products dilutes the Vital Nutrients Trademarks because the products Defendants sell are not, in fact, genuine and authentic Vital Nutrients products.

80.     As a result of Defendants' unlawful actions, the reputation of the Vital Nutrients Trademarks has been and continues to be harmed, and Vital Nutrients has suffered, and continue to suffer, immediate and irreparable injury.

81.     Further, Vital Nutrients has suffered damages, including to their business, goodwill, reputation, and profits in an amount to be proven at trial.

82.     Pursuant to 15 U.S.C. § 1116, Vital Nutrients is entitled to injunctive relief enjoining Defendants' misconduct.

83.     Pursuant to 15 U.S.C. § 1117(a), Vital Nutrients is entitled to an award of attorneys' fees.

### FIFTH CAUSE OF ACTION
**Illegal Use of Mark**
**Conn. Gen. Stat. § 35-11i(c)**

84.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

85.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

86.     Vital Nutrients is the owner of the Vital Nutrients Trademarks and has expended substantial time, effort, money, and resources advertising and promoting its products and services under the Vital Nutrients Trademarks.  As such, the Vital Nutrients Trademarks are the means by which Vital Nutrients products and services are distinguished from others in the marketplace throughout the United States, including Connecticut.

87.     The Vital Nutrients Trademarks are inherently distinctive, and as a result of Vital Nutrients' long, continuous, and exclusive use of the Vital Nutrients Trademarks, the Vital Nutrients Trademarks have acquired a secondary meaning associated by purchasers and the public with Vital Nutrients Trademarks' products and services throughout the United States, including Connecticut.

88.     Vital Nutrients is widely recognized by the general consuming public throughout the United States, including Connecticut, as the designated source of goods bearing the Vital Nutrients Trademarks.

89.     The Vital Nutrients Trademarks are famous in Connecticut.

90.     After the Vital Nutrients Trademarks became famous in Connecticut, Defendants willfully used the Vital Nutrients Trademarks in connection with the unauthorized and illegal sale of products.

91.     Because the products sold by Defendants are not, in fact, genuine and authentic Vital Nutrients products, Defendants' activities have caused and will continue to cause dilution of the distinctive quality of the Vital Nutrients Trademarks by lessening the public's ability to identify and distinguish genuine Vital Nutrients products.

92.     Defendants' unlawful actions have harmed the reputation and goodwill associated with the Vital Nutrients Trademarks, and Vital Nutrients has suffered and will continue to suffer immediate and irreparable injury.  Further, Defendants' actions have harmed and will continue to harm consumers interested in purchasing genuine Vital Nutrients products.

93.     Vital Nutrients has suffered damages including, but not limited to, loss of sales, trademark infringement, and damage to its existing and potential business relations.

94.     Pursuant to Conn. Gen. Stat. § 35-11i(c), Vital Nutrients is entitled to injunctive relief enjoining Defendants' misconduct.

95.     Further, because Defendants have acted with willful intent, Vital Nutrients is entitled to recover Defendants' profits, and all damages suffered, by reason of Defendants' misconduct, three times such profits and damages, and its reasonable attorneys' fees.

## SIXTH CAUSE OF ACTION
### Common Law Trademark Infringement

96.     Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

97.     Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

98.     The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

99.     Vital Nutrients is the owner of the Vital Nutrients Trademarks, which are distinctive and widely recognized by the consuming public.  Vital Nutrients products are sold and purchased through its Authorized Resellers throughout the United States, including Connecticut.

100.    Vital Nutrients is widely recognized as the designated source of goods bearing the Vital Nutrients Trademarks.

101.    Defendants willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in interstate commerce for purposes of selling Vital Nutrients products on the Internet without Vital Nutrients' consent.

102.    Defendants' knowing and willful use of the Vital Nutrients Trademarks without Vital Nutrients' consent in connection with the unauthorized and illegal sale of their products

infringes on the Vital Nutrients Trademarks and is contrary to honest practice in industrial or commercial matters.

103.    Defendants' knowing and willful use of the Vital Nutrients Trademarks in connection with the unauthorized and illegal sale of their products without Vital Nutrients' consent is likely to cause confusion, mistake, or deceive because it suggests that the products Defendants offer for sale are the same as the products legitimately bearing the Vital Nutrients Trademarks, and that the products originate from, or are sponsored, authorized, approved or otherwise connected with Vital Nutrients.

104.    Defendants use of the Vital Nutrients Trademarks in connection with the sale of their products is likely to cause confusion, mistake or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Vital Nutrients products when, in fact, they are not.

105.    Defendants' unlawful actions and unauthorized use of the Vital Nutrients Trademarks has materially damaged the value of the Vital Nutrients Trademarks, caused significant damage to Vital Nutrients' business relations, and infringed on Vital Nutrients' trademarks.

106.    As a result, Vital Nutrients has suffered, and continues to suffer, immediate and irreparable harm.  Vital Nutrients has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

107.    Vital Nutrients is also entitled to punitive damages because Defendants' misconduct was reckless, wanton, and/or willful.

## SEVENTH CAUSE OF ACTION
### Common Law Unfair Competition

108.    Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

109.    Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

110.    The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

111.    Vital Nutrients is the owner of the Vital Nutrients Trademarks, which are distinctive and widely recognized marks by the consuming public.

112.    Vital Nutrients is widely recognized as the designated source of goods bearing the Vital Nutrients Trademarks.

113.    Defendants willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in commerce for purposes of selling Vital Nutrients products on the Internet without Vital Nutrients' consent.

114.    Defendants' knowing and willful use of the Vital Nutrients Trademarks in connection with the unauthorized and illegal sale of products bearing the Vital Nutrients Trademarks without Vital Nutrients' consent infringes on the Vital Nutrients Trademarks and is contrary to honest practice in industrial or commercial matters.

115.    Defendants' knowing and willful use of the Vital Nutrients Trademarks in connection with the unauthorized and illegal sale of their products without Vital Nutrients' consent is likely to cause confusion, mistake, or deception as to the source of the origin of such Vital Nutrients products among consumers, who believe that Defendants' products are identical to and endorsed by Vital Nutrients when, in fact, they are not.

116. Defendants' unlawful actions constitute active misrepresentation as to the source of the products they sell. These false representations tend to confuse customers and induce customers to believe that Defendants' products are genuine and authentic Vital Nutrients products when, in fact, they are not.

117. As a result, Vital Nutrients has suffered, and continues to suffer, immediate and irreparable harm. Vital Nutrients has also suffered, and continues to suffer, damages, including, but not limited to, loss of business, goodwill, reputation, and profits in an amount to be proven at trial.

118. Vital Nutrients is also entitled to punitive damages because Defendants' misconduct was reckless, wanton, and/or willful.

### EIGHTH CAUSE OF ACTION
**Unfair Trade Practices**
**Conn. Gen. Stat. § 42-110, *et seq.***

119. Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

120. Vital Nutrients is the owner of the Vital Nutrients Trademarks.

121. Vital Nutrients has registered the Vital Nutrients Trademarks with the United States Patent and Trademark Office.

122. The Vital Nutrients Trademarks are valid and subsisting trademarks in full force and effect.

123. Defendants willfully and knowingly used, and continue to use, the Vital Nutrients Trademarks in commerce for purposes of advertising, promoting, and selling Vital Nutrients products on the Internet without Vital Nutrients' consent.

124.    Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Defendants' products misrepresents the nature, characteristics, qualities, and origin of Defendants' products.

125.    Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Vital Nutrients products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are the same as products legitimately bearing the Vital Nutrients Trademarks, and that the products originate from, or are sponsored, authorized, or otherwise connected with, Vital Nutrients.

126.    Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Vital Nutrients products is likely to cause confusion, cause mistake, or deceive because it suggests that the products Defendants offer for sale are genuine and authentic Vital Nutrients products.

127.    The products sold by Defendants are not, in fact, genuine and authentic Vital Nutrients products.  The products sold by Defendants are materially different because, among other reasons, they are not subject to the same quality control standards as genuine Vital Nutrients products and do not come with Vital Nutrients' customer service.

128.    Defendants' use of the Vital Nutrients Trademarks in connection with the unauthorized advertising, promotion, and sale of Vital Nutrients products is an unfair or deceptive act or practice in the conduct of trade or commerce in violation of Conn. Gen. Sta. § 42-110b.

129.    Pursuant to Conn. Gen. Stat. § 42-110g, Vital Nutrients is entitled to injunctive relief enjoining Defendants' conduct.

- 20 -

130.    Pursuant to Conn. Gen. Stat. § 42-110g, Vital Nutrients is entitled to an award of punitive damages.

131.    Pursuant to Conn. Gen. Stat. § 42-110g, Vital Nutrients is entitled to an award of costs and attorneys' fees.

## NINTH CAUSE OF ACTION
### Tortious Interference with Contract and Business Relations

132.    Vital Nutrients hereby incorporates the allegations contained in the foregoing paragraphs as if fully set forth herein.

133.    Vital Nutrients has entered into business relations and agreements with its Authorized Resellers to sell Vital Nutrients products.  These agreements and the Vital Nutrients Rules specifically prohibit Vital Nutrients' Authorized Resellers from selling Vital Nutrients products to third parties, such as Defendants, for purposes of resale.

134.    Defendants knew that the Vital Nutrients Rules and Vital Nutrients' agreements with its Authorized Resellers prohibited Vital Nutrients' Authorized Resellers from selling Vital Nutrients products to third parties, such as Defendants, for purposes of resale.

135.    Defendants willfully and knowingly interfered with the Vital Nutrients Rules and the agreements between Vital Nutrients and its Authorized Resellers by acquiring Vital Nutrients products and reselling them on the Internet in violation of the Vital Nutrients Rules and those agreements.

136.    Defendants acted with a wrongful purpose by acquiring Vital Nutrients products for the purpose of reselling those products on the Internet in violation of the Vital Nutrients Rules and Vital Nutrients' agreements with its Authorized Resellers.

137.    Defendants' actions have caused injury to Vital Nutrients for which Vital Nutrients is entitled to compensatory damages in an amount to be proven at trial.

138.    Defendants are also liable for punitive damages because their misconduct was intentional and/or grossly negligent.

**PRAYER FOR RELIEF**

WHEREFORE, Vital Nutrients prays for relief and judgment as follows:

A.      Judgment in favor of Vital Nutrients and against Defendants in an amount to be determined at trial including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgment and post-judgment interest, as permitted by law;

B.      That a permanent injunction be issued enjoining Defendants and any employees, agents, servants, officers, representatives, directors, attorneys, successors, affiliates, assigns, any and all other entities owned or controlled by Defendants, and all of those in active concert and participation with Defendants (the "Enjoined Parties") as follows:

   i)      Prohibiting the Enjoined Parties from advertising or selling, via the Internet or otherwise, all Vital Nutrients products;

   ii)     Prohibiting the Enjoined Parties from using any of the Vital Nutrients Trademarks in any manner, including advertising on the Internet;

   iii)    Prohibiting the Enjoined Parties from importing, exporting, manufacturing, producing, distributing, circulating, selling, offering to sell, advertising, promoting, or displaying any and all Vital Nutrients products as well as any products bearing any of the Vital Nutrients Trademarks;

   iv)     Prohibiting the Enjoined Parties from disposing of, destroying, altering, moving, removing, concealing, or tampering with any records related to any products sold by them which contain the Vital Nutrients Trademarks, including: invoices, correspondence with vendors and distributors, bank records, account books, financial statements, purchase contracts, sales

- 23 -

receipts, and any other records that would reflect the source of the products that Defendants have sold bearing these trademarks;

v)   Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' websites any reference to any of Vital Nutrients' products, or any of the Vital Nutrients Trademarks;

vi)   Requiring the Enjoined Parties to take all action, including but not limited to, requesting removal from the Internet search engines (such as Google, Yahoo!, and Bing), to remove from the Internet any of the Vital Nutrients Trademarks which associate Vital Nutrients' products or the Vital Nutrients Trademarks with the Enjoined Parties or the Enjoined Parties' website;

vii)   Requiring the Enjoined Parties to take all action to remove unauthorized Vital Nutrients Trademarks from the Internet, including from the website www.amazon.com;

C.   An award of attorneys' fees, costs, and expenses; and

D.   Such other and further relief as the Court deems just, equitable and proper.

PLAINTIFF –
RHG & COMPANY, INC. d/b/a
VITAL NUTRIENTS

By: _____
    John H. Mutchler – ct26856
    jmutchler@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut  06103
Telephone:  860.240.6021
Facsimile:   860.240.5891

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| RHG & COMPANY, INC. d/b/a VITAL NUTRIENTS<br><br>        Plaintiff,<br><br>v.<br><br>TOPS MEDICAL CORP., ALLA LEIBZON and JOHN DOES 1-100, individually or as corporate/business entities,<br><br>        Defendants. | CIVIL ACTION No. _____<br><br><br><br><br><br><br><br>AUGUST 10, 2017 |

### JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Vital Nutrients demands a trial by jury on all issues so triable.

PLAINTIFF –
RHG & COMPANY, INC. d/b/a
VITAL NUTRIENTS

By: _____
    John H. Mutchler – ct26856
    jmutchler@murthalaw.com

Murtha Cullina LLP
CityPlace I - 185 Asylum Street
Hartford, Connecticut 06103
Telephone: 860.240.6021
Facsimile: 860.240.5891

8346355v1